**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**FENNON ROGERS** **PLAINTIFF**

**v.** **CIVIL CASE 1:18-cv-399-HSO-JCG**

**JIM HOOD *Attorney General* and PATRICK BEASLEY *Assistant Attorney General*** **DEFENDANT**

**REPORT AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED**

BEFORE THE COURT is Plaintiff Fennon Rogers' Application to Proceed *in forma pauperis*. (ECF No. 2). The undersigned recommends that Plaintiff's Application be denied and that Plaintiff be directed to pay the $400.00 civil filing fee.

I. BACKGROUND

Plaintiff, proceeding *pro se*, filed his Complaint (ECF No. 1) on December 18, 2018. Plaintiff has sued Jim Hood, Attorney General of Mississippi, and Assistant Attorney General of Mississippi, Patrick Beasley. Plaintiff's theory of recovery against these Defendants is unclear. The only facts stated in the Complaint follow (all sic in original):

> Because of all that has happened to me and my health is from all the worries from the Attorney General. Since 2010, I had one stroke 2013 I had a heart attack, 2015 I had another stroke, Jan 2017, I have liver cancer and this March 2018, Oshner's Hospital in New Orleans, La they tell me they have the cancer under control, I still have to go in every 3 month for a Kat Scan. Since my cancer started, I became an Anemia and have to take transfusions some time every 3 or 4 weeks. I take shots once a week.

(ECF No. 1, at 5).

II. DISCUSSION

The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of costs or security thereof . . . ." 28 U.S.C. § 1915(a)(1). "Section 1915(a) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs." *Prows v. Kastner,* 842 F.2d 138, 140 (5th Cir. 1988). The Court "has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915." *Flowers v. Turbine Support Div.,* 507 F.2d 1242, 1244 (5th Cir. 1975), *superseded by statute on other grounds as recognized in Thompson v. Drewry,* 138 F.3d 984, 985-86 (5th Cir. 1998). "Whether a party may proceed [in forma pauperis] in the district court is based solely upon economic criteria." *Bell v. Children's Protective Servs.,* 506 F. App'x 327, 327 (5th Cir. 2013) (citing *Watson v. Ault,* 525 F.2d 886, 891 (5th Cir. 1976)). "Poverty sufficient to qualify does not require absolute destitution." *Id.* (citing *Adkins v. E.I. Du Pont de Nemours & Co.,* 335 U.S. 331, 339 (1948)). "The central question is whether the movant can afford the costs without undue hardship or deprivation of the necessities of life." *Id.* (citing *Adkins,* 335 U.S. at 339-40).

The Court must examine the financial condition of the applicant in order to determine whether the payment of fees would cause undue hardship. *Prows,* 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

This Court and others have used the United States Department of Health & Human Services' annual Federal Poverty Guidelines to assess whether a plaintiff's income exceeds the poverty level. *Young v. Citi Mortg., Inc.,* No. 3:13cv836-DCB-MTP, 2014 WL 1883675, *2 (S.D. Miss. May 12, 2014)(collecting cases). Plaintiff is married and claims a twenty-three-year-old stepson as a dependent. Plaintiff reports $2,176.50 in monthly income. The January 2019 poverty guidelines provide that the poverty guideline for a three-person household is $21,330.00.[1] Plaintiff's yearly income of $26,118.00 well surpasses the poverty guideline. Plaintiff's Application reflects that Plaintiff can afford the cost of the civil filing fee without undue hardship or deprivation of the necessities of life. Plaintiff's Application to Proceed with Prepaying Fees or Costs should be denied.

Plaintiff is advised that it is his responsibility to prosecute this case and that the case cannot proceed until Defendants have been served with a summons and a copy of the Complaint. Federal Rule of Civil Procedure 41 confers upon a district court the authority to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with a court order. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.,*

---

[1] The 2019 poverty guidelines went into effect January 11, 2019, but due to temporary closure of federal offices, the Federal Register notice is delayed. The 2018 guidelines are found at Annual Update of the HHS Poverty Guidelines, 83 Fed.Reg. 2642-01, 2018 WL 451905 (Jan. 18, 2018).

756 F.2d 399, 401 (5th Cir. 1985). A court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief in order to achieve the orderly and expeditious disposition of cases. *See Link,* 370 U.S. at 630-31.

It is Plaintiff's responsibility to prepare the summons to be served on Defendants and to present the prepared summons to the Clerk of Court for issuance. Fed. R. Civ. P. 4(b). A form to request waiver of service can be found in Federal Rule of Civil Procedure 4. Plaintiff is cautioned that this case may be dismissed without prejudice if Defendant "is not served within 90 days after the complaint is filed . . . ." Fed. R. Civ. P. 4(m). Failure of Plaintiff to keep the Court apprised of his current address may also result in dismissal of this case without prejudice and without further notice to Plaintiff.

## III. RECOMMENDATION

It is the recommendation of the undersigned Magistrate Judge that:

1. Plaintiff Fennon Rogers' Application (ECF No. 2) to Proceed *in forma pauperis* be **DENIED** and that Plaintiff be required to pay the $400 civil filing fee; and
2. Should Plaintiff fail to timely pay the fee, this matter be dismissed without prejudice.

## IV. NOTICE OF RIGHT TO OBJECT/APPEAL

Pursuant to 28 U.S.C. § 636(b)(1) and Local Uniform Civil Rule 72(a)(1), any party who desires to object to this Report and Recommendation must serve and file

written objections "[w]ithin fourteen days after being served with a copy." 28 U.S.C. § 636(b)(1)(C). "Objections must be filed and served upon the other party or parties . . . ." L.U.Civ.R. 72(a)(1)(A). The District Judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "No ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate's ruling is clearly erroneous or contrary to law." L.U.Civ.R. 72(a)(1)(B).

A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. If Plaintiff does not file objections to this Report and Recommendation, he will be barred from a *de novo* determination by the District Judge. Additionally, if Plaintiff does not file objections to this Report and Recommendation, he will be barred, except on grounds of plain error, from attacking on appeal the proposed findings and recommendations that have been accepted by the District Judge and for which there is no written objection. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996)(*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

The Clerk of Court is directed to mail a copy of this Report and Recommendation to Plaintiff at his address of record by certified mail, return receipt requested.

**THIS**, the 28th day of January, 2019.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE